COMMONWEALTH *vs.* HENRY TAYLOR.

Suffolk.   Jan. 24. — March 2, 1882.   ENDICOTT & FIELD, JJ., absent.

It is not necessary to the maintenance of an indictment under the Gen. Sts. *c.* 165, § 9, for an attempt to procure the miscarriage of a woman, that she should be pregnant with child.

The testimony of a medical examiner, who is conceded to be qualified as a medical expert, as to what he found upon making an autopsy, is not rendered incompetent by the fact that, in making the autopsy, he proceeded without authority, and did not in other respects follow the course prescribed by the St. of 1877, *c.* 200, for medical examiners in such cases.

C. ALLEN, J.   The principal question in this case is whether, under the Gen. Sts. *c.* 165, § 9, it is a criminal offence to do the acts therein mentioned with intent to procure the miscarriage of a woman who is not in fact pregnant with child. The question arises upon a motion to quash the indictment, which contains no averment of such pregnancy; but it has been argued, and we have considered it, as if it had appeared in evidence on the trial that she was not so pregnant.

A brief examination of the statutes on this subject, in England and in this Commonwealth, leaves no doubt in our minds as to the true construction. Under the St. of 43 Geo. III. *c.* 58, § 2, it had been held that, in order to constitute this offence, it was necessary that the woman should be with child. *Rex* v. *Scudder*, 3 Car. & P. 605. Thereupon the St. of 9 Geo. IV. *c.* 31, § 13, was passed, which provided in terms for the punishment of acts done with intent to procure the miscarriage of any woman not being, or not being proved to be, then quick with child. This was followed by the St. of 7 Will. IV. & 1 Vict. *c.* 85, which makes punishable similar acts, with intent to procure

the miscarriage of any woman, not mentioning whether she must be with child or not. Under this statute, it was held in *Regina* v. *Goodchild*, 2 Car. & K. 293, that a conviction was right, although it appeared, on an examination of the woman's body after death, that she was not pregnant at the time she was operated on. Under this state of things, the Gen. Sts. *c.* 165, § 9, were passed, adopting substantially the same language as the English statute; and, if there were nothing more to aid in ascertaining the intention of the Legislature, the presumption would be strong that it was intended to adopt the same construction which had been given to the statute in England. *Ellis* v. *Paige*, 1 Pick. 43, 45. *Rutland* v. *Mendon*, 1 Pick. 154. *Commonwealth* v. *Hartnett*, 3 Gray, 450.

But this view of the meaning of the statute is made conclusive by a recurrence to the former legislation of Massachusetts. By the St. of 1845, *c.* 27, the doing of these acts with intent to cause and procure the miscarriage of a woman " then pregnant with child " was made punishable. This statute continued in force until the adoption of the General Statutes. The commissioners in their revision preserved the words above quoted, which made it necessary to prove such pregnancy; but the Legislature omitted them. These words were not superfluous, but were of vital significance. It has been asserted, with great vigor of expression, that when a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled; and that to hold otherwise would be to impute to the Legislature gross carelessness or ignorance, which is altogether inadmissible. *Ellis* v. *Paige, ubi supra.* In view of this rule, declared sixty years ago to be well settled, the statute in question was passed, and must be deemed to have been intended to change the law.

The defendant objected at the trial that the medical examiner, who made an autopsy of the body of the deceased, and who was conceded to be qualified as a medical expert, could not be allowed to testify to what he found upon such autopsy, for the reason that, in making it, he proceeded without authority, and did not in other respects follow the course prescribed by the St. of 1877, *c.* 200, for medical examiners in such cases; but we are

of opinion that such want of authority or irregularity on his part did not render his testimony incompetent.

*Exceptions overruled.*

*G. R. Swasey*, for the defendant.

*G. Marston*, Attorney General, *&* *C. H. Barrows*, Assistant Attorney General, for the Commonwealth.