RODNEY F. ASHLEY *vs.* SAMUEL C. HART & another.

Bristol. October 25, 1888. — October 29, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Master and Servant — Employer's Liability Act — Negligence of Fellow Servant in Use of Proper Appliance.*

The St. of 1887, c. 270, § 1, cl. 1, giving to an employee exercising due care a right of action for an injury caused by "any defect in the condition of the ways, works or machinery connected with or used in the business of the employer," arising from the employer's negligence or that of any one in his service intrusted with the duty of seeing that such appliances are in proper condition, does not give a right of action against such employer for the negligence of a fellow servant in handling or using a machine, tool, or appliance, which is itself in proper condition.

A declaration, in an action to recover for such an injury, alleged that the plaintiff and K., both journeyman painters, and employed by the defendant in painting a house, were furnished by him with a hanging stage, each being intrusted with the duty of caring for and fastening to the house his particular end of the stage; that when it became necessary to lower it, according to the usual method of managing such stages, K. had charge of lowering one end and the plaintiff the other; and that, after so doing, K. neglected to fasten his end securely, so that the plaintiff, who was in the exercise of due care, fell and was injured. *Held,* that the negligence alleged was that of a fellow servant in handling or using a proper stage, and that a case within the statute was not stated.

TORT for personal injuries occasioned to the plaintiff while in the employment of the defendants. Writ dated January 4, 1888. The declaration, as amended, was as follows:

"And the plaintiff says that he was employed by the defendants as a journeyman painter, by the day; that in such employment he was engaged together with one Kempton, also a journeyman painter in the employ of the defendants, in painting a house on the outside; that said employees were furnished by the defendants with a hanging stage, for their use as a support while painting such parts of said house as could not be reached to be painted without a support; that they together were intrusted by the defendants with the duty of seeing that said stage, while being so used, was kept in a proper condition, so as to constitute a safe means of support, each being intrusted with a particular duty thereabouts, to wit, each party was to take care of and make fast to the house his particular end of the stage; that while so engaged in painting said house by the use of said stage, it became necessary for said employees to lower the same, in order to paint the house lower down; that the plaintiff had charge of lowering one end of said stage, and said Kempton the other, that being the usual manner of managing such stages in such employment; that the plaintiff lowered his end and made the same fast; that said Kempton lowered his end, but neglected to fasten it securely, so that in a few moments the fastenings at his end gave way, letting that end suddenly down, and precipitating the plaintiff to the ground and greatly injuring him; and the plaintiff was in the exercise of due care and diligence at the time; and that said accident occurred on the 22d day of November, A. D. 1887, and notice of the time, place, and cause of the injury was given to the defendants within thirty days thereafter."

The defendant demurred to the declaration, on the ground that the cause of the injury stated therein as the only foundation of this action was the negligence of one Kempton, a fellow servant of the plaintiff, in the employment of the defendants.

The Superior Court sustained the demurrer; and the plaintiff appealed to this court.

*W. C. Parker*, for the plaintiff.

*J. Lowell, Jr.*, for the defendants.

By the Court. The St. of 1887, c. 270, § 1, cl. 1, gives a right of action to an employee, being himself in the exercise of due care, who is injured by " any defect in the condition of the ways, works or machinery connected with or used in the business of the employer," which arose from the negligence of the employer, or of any person in his service who is intrusted with the duty of seeing that the ways, works, or machinery were in proper condition. This so far changes the common law as to give a right of action to a servant who is injured by a defect in the machine, tool, or appliance itself which is furnished for his use, although such defect arose from the negligence of a fellow servant whose duty it was to see that the machine, tool, or appliance was in proper condition. But it does not give a right of action against the employer for the negligence of a fellow servant in handling or using a machine, tool, or appliance which is itself in a proper condition.

The declaration in this case does not allege any defect in the condition of the movable stage furnished by the defendant for the use of the plaintiff and his fellow servant Kempton. It does not directly, or by a fair implication, allege that Kempton, any more than the plaintiff, was intrusted with the duty of seeing that either particular end of the stage was securely fastened to the house. It alleges, that, according to the usual manner of managing such stages, Kempton had charge of lowering one end and the plaintiff of lowering the other, and that Kempton neglected to fasten his end securely. This is simply an allegation of negligence in a fellow servant in handling or using a sufficient and proper stage, and does not state a case which falls within the statute.

*Judgment affirmed.*