RICHARD CLARK *vs.* MERCHANTS AND MINERS TRANSPORTATION COMPANY.

Suffolk.   March 18, 1890. — April 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Master and Servant — Negligence — Employers' Liability Act.*

The Employers' Liability Act (St. 1887, c. 270) is not a bar to an action at common law, in those cases within its terms, in which an employee might have maintained such an action before the passage of that statute.

TORT for personal injuries occasioned to the plaintiff, while in the defendant's employment, through its negligence or that of its servants and agents. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff offered to prove that on June 14, 1888, he was employed by the defendant to assist in loading one of its vessels then lying at its wharf in Boston under the direction of one Haley employed by the defendant as head stevedore to take charge of the loading and unloading of its vessels at such wharf; that Haley directed the plaintiff to go down into the hold of the vessel to stow away bales of gunny-cloth which should be thrown down from the deck above, a distance of twenty-five or thirty feet; that it was the custom there to load gunny-cloth into a vessel by throwing down a number of bales while the men below stopped working, which bales were stowed away before a further lot was thrown down; that while the plaintiff was engaged in stowing away the bales thrown down, other bales were thrown down from the deck at the same time, whereupon the plaintiff called out to those on deck to stop throwing the bales down until he had finished stowing away; and that Haley, notwithstanding, directed other bales to be thrown down while the plaintiff was then at work, which bounded and struck the plaintiff, and caused the injuries in question. There was evidence tending to show that the plaintiff was in the exercise of due care.

The plaintiff further offered to prove that Haley was incompetent, and unfit to perform the duties of head stevedore and of directing such work; and that the defendant knew of his incompetency and unfitness.

The judge ruled that, upon the above offer of proof, the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*W. B. Orcutt & E. L. Buffinton*, for the plaintiff.

*R. Stone*, for the defendant, filed no brief, and did not care to be heard.

HOLMES, J. *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190, has established that the St. of 1887, c. 270, is not a bar to a recovery at common law in this action. We do not understand it to be

disputed that there might be a liability at common law on the facts offered to be proved. As the case may be tried, and as it was not argued for the defendant, we refrain from discussing the different possible aspects of the evidence.

*Exceptions sustained.*