DAVID J. O'CONNOR *vs.* ALFRED J. NEAL & another.

Suffolk.    January 16, 1891. — February 25, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, & MORTON, JJ.

*Personal Injuries — Master and Servant — Negligence — Employers'
Liability Act.*

An experienced mason was directed to point the windows in a room, and proceeded to do so, using a staging made of planks resting on barrels placed on end, both of them sound and furnished by the builders employing him. While at work in the afternoon upon a window, standing upon the sill, a laborer also in their employ suggested to him that he needed a staging, and offered to arrange it, and did so upon his saying, " All right." The staging tipped as he stepped on it, and he fell through the window to the sidewalk below, receiving injuries. In an action therefor against the builders, his evidence tended to show that he had pointed windows in many buildings with like stagings; that it was customary for a mason to build his inside staging, a laborer doing the work; that one of the builders came into the room casually during the forenoon, and another just before the accident; and that the accident occurred through the laborer's negligence in placing one of the barrels on a pile of rubbish, so that it rested unevenly on the floor. *Held*, that the plaintiff could not recover either at common law or under the employers' liability act.

TORT, for personal injuries occasioned to the plaintiff by falling from a staging while in the employment of the defendants, who were builders and contractors. Trial in the Superior Court,

before *Blodgett*, J., who ordered a verdict for the defendants, and reported the case for the determination of this court. The facts appear in the opinion.

*J. D. Long*, for the plaintiff.

*J. Lowell, Jr.*, (*S. H. Smith* with him,) for the defendants.

MORTON, J.   The plaintiff was a mason in the employ of the defendants, and at the time of the injury complained of was working in a building which they were erecting on Court Street, in the city of Boston. He had been ordered earlier in the day by one of the defendants to point the windows in a front room in the second story. While engaged in the afternoon upon one of the windows, a laborer also in the defendants' employ called down to him from above that he had got to have a stage, and that he (the laborer) would shift the stage. The plaintiff said, " All right," and the laborer fixed the stage, which consisted of two lime barrels placed on end, one on each side of the windows, and some three-inch plank across them. The plaintiff had used this stage in the morning in pointing other windows in the same room, and had also used it after dinner at another window just before he was hurt. As the plaintiff stepped from the window sill on which he was standing to the staging, it tipped, and he fell through the window to the sidewalk below. The planks were sound and did not break, and there was nothing defective about them or the barrels. It appeared that on the floor near where one of the barrels stood was a lot of carpenter's chips and furring, and the plaintiff testified that, as he stepped on to the stage, it was the barrel nearest this rubbish that he felt go. He further testified, that he had been a mason twenty years, had pointed windows in as many as twenty different buildings, and had used stagings similar to this. He also said that it was customary for the mason to make his outside staging, but not the inside staging. That was usually done by the laborer or mason's helper. One of the defendants was during the morning in the room where the plaintiff was working, and the other defendant was in after dinner, but before the accident.

The plaintiff contended that the stage was negligently and defectively constructed, and of improper and insecure materials, and that there was negligence in fixing it on the part of the person intrusted by the defendants with that duty, and there-

fore contended that he was entitled to recover either at common law or under the employers' liability act.

But we do not think he can prevail on either ground. Assuming that it was the duty of the defendants to furnish the plaintiff a suitable stage, there is nothing to show that they failed in that duty. The materials of which the stage was made were sound, and the plaintiff's injury was not due to any defect in them. There was nothing to show that there was a deficiency of proper material, and that the accident was due to that cause, or that the manner of constructing the stage was dangerous, or the laborer incompetent. The stage was a simple one, and it needed no special skill to construct it. It consisted simply of two barrels with planks across them. Its manner of construction was obvious, and known to the plaintiff. He had used similar ones on other jobs, and used this without objection through the forenoon and in the afternoon. The accident appears to have occurred through the negligence of the laborer in placing one of the barrels so that it rested unevenly on the rubbish on the floor. That cannot be said to be a neglect on the part of the defendants to furnish suitable materials, or to constitute negligence on their part in providing a suitable stage. *Kelley* v. *Norcross,* 121 Mass. 508. *Zeigler* v. *Day,* 123 Mass. 152. *Robinson* v. *Blake Manuf. Co.* 143 Mass. 528.

Under the employers' liability act, (St. 1887, c. 270,) the presence of the rubbish on the floor could not be said to constitute a defect in the ways, works, or machinery. It was merely accidental and temporary, and nothing for which the defendants could be held liable. *McGiffin* v. *Palmer's Shipbuilding & Iron Co.* 10 Q. B. D. 5. As already observed, there was no evidence of anything dangerous or defective in the material of which the stage was built, or in the manner of its construction. The neglect consisted in the omission to remove the rubbish and in placing one of the barrels on the rubbish, not in the way in which or in the material of which the stage was made. *Ashley* v. *Hart,* 147 Mass. 573. The laborer cannot, in any fair view of the statute, be said to have been a person intrusted by the defendants with the duty of seeing that the ways or works were in proper condition. At the most, he was there only as an assistant to the plaintiff, to aid him in moving

from window to window the planks and barrels, and placing them where the plaintiff's work required them to be. For aught that appears, the plaintiff had as much to say as the laborer, if not more, as to where the barrels should stand, and how the planks should be placed upon them, although it was customary for the laborer or helper to do the actual work of placing and moving. The statute does not apply to a mere laborer working under or with others, even though it may be a part of his duty at some particular moment in the progress of the work to look after and attend to certain instrumentalities. Roberts & Wallace, Employers' Liability, (3d ed.) 254. *Gibbs* v. *Great Western Railway*, 12 Q. B. D. 208.

There was no evidence that either of the defendants gave any directions as to the moving of the stage or the placing of the barrels, or had anything to do with it; and the mere fact that one of them was casually in the room in the morning and the other in the afternoon before the accident cannot make them liable.

*Verdict to stand.*