AUGUSTUS MAY *vs.* WHITTIER MACHINE COMPANY.

Suffolk. March 11, 12, 1891. — May 20, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Employers' Liability Act.*

In an action for personal injuries brought by an employee, in which there were two counts in the declaration, the first at common law and the second under the St. of 1887, c. 270, § 1, there was evidence that the plaintiff, while engaged in helping another servant of the defendant in planing a board on a planing machine, started to go to the other end of the machine, slipped or stumbled, put his hand on the machine, and was hurt; that there was an open floor in front of the machine by which he could have gone, although it was somewhat obstructed by

unfinished work, but he went back of the machine instead; that there was a space of three feet and one inch between the back of the planing machine and a band saw at which a man was working within this space; that some small pieces of wood had been piled up against the back of the planing machine by a fellow servant of the plaintiff, making a pile about a foot high and eight and one quarter inches wide, and leaving a clear space of not more than fourteen inches; and that the plaintiff had known of this pile for about a fortnight. The plaintiff, as required by the presiding judge, elected to stand upon the second count, whereupon the judge ruled that there was no evidence to go to the jury, and ordered a verdict for the defendant. *Held,* that the plaintiff had no ground of exception.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. The declaration contained two counts, the first at common law, and the second framed on the St. of 1887, c. 270, § 1, cl. 1. At the trial in the Superior Court, before *Dunbar,* J., the plaintiff, as required by the presiding judge, elected to stand upon the second count, and the judge ruled that there was no evidence to go to the jury, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*L. M. Child,* for the plaintiff.

*J. B. Warner & H. E. Warner,* for the defendant, were not called upon.

HOLMES, J. The plaintiff, while engaged in helping another servant of the defendant in planing a board on a planing machine, started to go to the other end of the machine, slipped or stumbled, put his hand on the machine, and was hurt. There was an open floor in front of the machine by which he could have gone, although the floor was somewhat obstructed by unfinished work. He went by the back of the machine instead. There was an interval of three feet and one inch between the back of the planing machine and a band saw, and a man was working at the band saw in this interval. Some small pieces of wood had been piled up against the back of the planing machine by a fellow servant of the plaintiff, making a pile about a foot high and eight and one quarter inches wide, so that, according to the plaintiff's testimony, the clear space was not more than fourteen inches. The plaintiff had known of the pile for about a fortnight.

On these facts the judge rightly ruled that the plaintiff could not recover on the ground that there was a defect in the condi-

tion of the ways under the first section of the employers' liability act. St. 1887, c. 270, § 1. Apart from other reasons, the obstructions were only rubbish of accidental and temporary character, which has been declared not to be within the act by *O'Connor v. Neal*, 153 Mass. 281.

Assuming, for the sake of argument, that in some cases the plaintiff would have a right to go to the jury upon both a statutory and a common law count, in view of the different possible findings on his evidence, (*Ryalls* v. *Mechanics' Mills*, 150 Mass. 190, 196, and *Whiteside* v. *Brawley*, 152 Mass. 133,) the plaintiff was not injured by being required to elect in the case at bar. If he had sought to recover at common law, the negligence, if there was any, was that of a fellow servant; *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209; *Moynihan* v. *Hills Co.* 146 Mass. 586, 593; and there was no ground on which it could have been found that anybody knew or appreciated whatever danger there was more fully than the plaintiff. *Lewis* v. *New York & New England Railroad,* 153 Mass. 73.          *Exceptions overruled.*