## JOSEPH CARBURY *vs.* JOHN R. DOWNING.

Suffolk.   January 22, 23, 1891. — June 29, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Personal Injuries — Employers' Liability Act — Negligence.*

In an action under the St. of 1887, c. 270, § 1, cl. 1, for personal injuries to an employee engaged in storing ice occasioned by the alleged neglect of the employer to provide suitable hoisting appliances, there was evidence that the cakes of ice were hoisted up a steep incline from the top of which a run led into the ice-house; that a rope, passing around a drum on the engine and through a ginwheel at the top of the incline, ended in a loop to which were attached the ice tongs; that in hoisting, the rope wound around the drum until the ice reached the top of the incline, when it was stopped by stopping the engine; that the ginwheel was so situated that when the ice reached the top of the incline it swung over into the run; that the plaintiff was employed to guide the ice from the top of the incline to the run, and to unhook the tongs from the ice and pull them back; that at the time of the accident, when a cake of ice reached the top of the incline, the plaintiff took hold of the loop to guide the ice on to the run; that, the rope not being stopped, his hand was drawn therewith into the ginwheel, which was a few inches above his head and within his reach; that a wire run through the rope, with its ends twisted together to serve as a mark, was the only means by which the engineer was notified to stop the engine; that this wire had not moved from its place; and that the engineer, instead of stopping the engine when the ice reached the top, " went a few inches farther " for this cake of ice because it was larger than usual. *Held,* that the plaintiff was not entitled to go to the jury.

TORT, under the St. of 1887, c. 270, § 1, cl. 1, to recover for personal injuries occasioned to the plaintiff while engaged in hoisting ice in the defendant's employment.   Trial in the Superior Court, before *Staples,* J., who refused to rule, as requested by the defendant, that there was no evidence to warrant the jury in finding for the plaintiff; and, after a verdict for the plaintiff, the defendant alleged exceptions.   The nature of the evidence appears in the opinion.

*J. Lowell, Jr.,* (*S. H. Smith* with him,) for the defendant.

*L. M. Child,* for the plaintiff.

By THE COURT.   The following opinion was prepared by Mr. Justice WILLIAM ALLEN, and after his death was adopted as the opinion of the court by the Justices who sat with him at the argument.

The plaintiff's declaration alleges that the defendant was negligent in not furnishing suitable and proper apparatus and machinery for performing the work on which the plaintiff was engaged, so that the plaintiff's hand was drawn into a wheel connected with said apparatus and injured. The machinery and apparatus consisted of a steam-engine and drum, a rope, ice tongs, and two gin-wheels, and were used in hoisting cakes of ice up a steep incline, or run, about twenty-five feet, to the top of another run at right angles to the first, down which the ice was allowed to slide to the ice lofts. The rope passed from the drum on the engine through gin-wheels at the foot and at the top of the steep run, and terminated in a loop in which the ice tongs were suspended. When the ice was hoisted, the rope extending from the ice at the foot of the steep run, up through the upper gin-wheel, and down through the lower gin-wheel, and horizontally to the drum of the engine, was wound around the drum until the ice reached the top of the run, when it was stopped by stopping the engine. The upper gin-wheel was so situated that, when the ice reached the top of the steep run, it swung over into the other run, which sloped downward to the ice lofts. The plaintiff was employed to guide the ice from the top of the one run to the other, and to unhook the tongs from the ice and pull them back. On the occasion when the plaintiff was injured, according to his testimony, when the ice arrived at the top of the run, he took hold of the rope at the loop to guide or push the ice on to the other run. The rope was not stopped, and his hand was drawn with the rope into the gin-wheel, which was a few inches above his head.

The plaintiff contends that the works were defective, in that the gin-wheel was hung so low that it could be reached by the plaintiff's hand. It does not appear that it could have been hung higher in the building. The proper management of the apparatus required that the rope should be stopped when the ice reached the top of the run, and, if proper arrangements were made for that, there would appear to be no defect in the works from the liability to an injury like that which happened to the plaintiff. At any rate, if there was any defect in that respect, it was one which must have been known to the plaintiff. and the danger from it appreciated by him. The plaintiff further

contends that there was evidence that the works were defective, in that there were not suitable and sufficient means provided for stopping the rope when the ice reached the top of the run. The means employed were to stop the engine, and it is not suggested by the plaintiff that this was not sufficient, or that any other should have been provided. But the plaintiff contends that the means for indicating to the engineer the time for stopping the engine was insufficient. The means was a mark upon the rope to indicate to the engineer when to stop the engine. The plaintiff contends that the jury may have found that this was an insecure mode of indicating to the engineer when the ice arrived at the top of the run, and that the engine ought to have been inside the building, where the engineer could see the ice and the upper gin-wheel, and decide in that way when the engine should be stopped. We think that it was not competent for the jury so to find upon the evidence.

The main contention of the plaintiff is that the mark on the rope was insufficient, and that the injury was caused by the slipping of the mark. The evidence, including the plaintiff's own testimony, tended to prove that the mark was a wire run through the strands of the rope and wound around it, and the ends twisted together, and that the wire was in place, the ends having slightly moved, but not so as to affect the wire as a mark, although one witness testified that the wire was wound around the rope, and not stuck through its strands. The jury could not have found, upon the evidence, that the mark had moved so as to affect the stopping of the engine. We think there was not evidence upon which the jury could have found that the mark on the rope was not a proper means for securing the stopping of the engine at the right time, or that its displacement was the cause of the injury to the plaintiff.

There was evidence to corroborate, and none to contradict, the testimony of the engineer, that the cake of ice raised at the time was larger than usual, and that he intentionally " went a few inches farther for it." It is unnecessary to consider whether, had the wire been defectively secured, it would have been a defect in the ways, works, or machinery existing through the negligence of the defendant. We are not disposed to think that it would have been. *Johnson* v. *Boston Tow-Boat*

*Co.* 135 Mass. 209. *Moynihan* v. *Hills Co.* 146 Mass. 586.
*Ryalls* v. *Mechanics' Mills*, 150 Mass. 190, 195. Upon a care-
ful examination of the testimony, we think that it was not
sufficient to authorize the jury to find that the injury to the
plaintiff was in consequence of the neglect or negligence of
the defendant, and that the court should have given the ruling
requested by the defendant, that there was no evidence to war-
rant the jury in finding for the plaintiff.

*Exceptions sustained.*