PARSONS, *Adm'r*, v. PARSONS, *Ex'x*.

The statute (P. S., *c.* 191, *s.* 27) giving a remedy to a creditor of the estate of a deceased person who has not prosecuted his claim within the time limited by law, was not intended to apply to a case in which the estate is settled as insolvent.

BILL IN EQUITY, by the administrator of Hezekiah Parsons's estate against the executrix of George Parsons's will, alleging that George was indebted to Hezekiah, that George's estate was administered as insolvent, that the plaintiff's demand was presented to the commissioner and disallowed, that the plaintiff appealed seasonably and gave due notice of the appeal, but accidentally failed to enter it at the proper term of court, and praying for judgment for the amount due. The defendant filed a demurrer, which was sustained, and the plaintiff excepted.

*James I. Parsons*, for the plaintiff.

*Thomas F. Johnson*, for the defendant.

CHASE, J.    This suit is based upon *s.* 27, *c.* 191, P. S., which provides that " Whenever any one has a claim against the estate

of a deceased person which has not been prosecuted within the time limited by law, he may apply to the supreme court, at a trial term, by petition setting forth all the facts; and if the court shall be of the opinion that justice and equity require it, and that the claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, they may give him judgment for the amount due to him; but the judgment shall not affect any payments or compromises made before the beginning of the proceedings." The demurrer raises the question whether the legislature intended that this section should apply to claims against estates administered in the insolvent course. The section was first enacted in 1872 (Laws 1872, *c.* 7, *s.* 2), and was copied substantially from the Massachusetts statute. Mass. Laws, 1861, *c.* 174; Laws 1863, *c.* 235. When the laws of Massachusetts were compiled and revised in 1881, section 2 of the act of 1861 was put in the chapter relating to the payment of debts, etc., of solvent estates, immediately following the section providing a limitation of actions against such estates, and is expressly referred to as containing one of the exceptions to the bar created by that section. Mass. P. S., *c.* 136, *ss.* 9, 10. At the time of the passage of the act of 1861 there were provisions in the Massachusetts statutes for the appointment of commissioners to examine and allow claims against insolvent estates and for appeals from their decisions, similar to those in force in this state. Mass. G. S., *c.* 99, *ss.* 2, 3, 4, 8, 9, 10; Mass. P. S., *c.* 137, *ss.* 2, 3, 9, 11, 12, 13. There was also the following provision: "Any person whose claim is disallowed by the commissioner, and who, for other cause than his own neglect, omits to claim or prosecute his appeal as before provided, may, upon his petition therefor to the supreme judicial court holden in any county, be allowed to claim and prosecute an appeal in manner aforesaid, upon such terms as the court imposes, if it appears that justice requires a further examination of his claim; but no such petition will be sustained unless prosecuted within two years after the return of the commissioners and within four years after the date of the administration bond." Mass. R. S., *c.* 68, *s.* 13; Mass. G. S., *c.* 99, *s.* 13; Mass. P. S., *c.* 137, *s.* 16. It is apparent that the act of 1861 was limited in its application to claims against solvent estates. The fact that the New Hampshire statute was copied from it is evidence of an intention to confine its application to claims of the same nature. *Commonwealth* v. *Hartnett*, 3 Gray 450; *Commonwealth* v. *Taylor*, 132 Mass. 261; *Pratt* v. *American Bell Telephone Company*, 141 Mass. 225, 227; *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190. In this state, as in Massachusetts, the tribunal before whom claims against a solvent estate may be prosecuted, and the procedure therefor, differ essentially from those for the prosecution of claims against an insolvent estate. Creditors of an estate

administered as solvent present their claims to the administrator, and if they are not paid, prosecute them before the same tribunal and by the same procedure substantially as they would against the deceased, if living. P. S., *c.* 191. But "No suit shall be maintained against an administrator for any cause of action against the deceased, unless it is begun within three years next after the original grant of administration exclusive of the time such administration may have been suspended, except in cases where he has retained estate in his hands for the payment of the claim by order of the judge, and cases provided for by sections six and twenty-seven of this chapter." P. S., *c.* 191, *s.* 4. Section 27 here referred to is the one under consideration. A special tribunal is created for the examination and allowance of claims against an insolvent estate, consisting of one or more commissioners appointed by the probate court. All claims against the deceased except those of the administrator must be presented to the commissioners for adjudication in the first instance: no other tribunal has jurisdiction of them. They must be presented within six or nine months from the date of the commission, or they will be barred, unless the probate court enlarges the time, which it may do not to exceed two years. If the creditor or other party interested is aggrieved by the commissioners' decision, he may appeal to the supreme court within thirty days after the acceptance of the report. There is no provision for enlarging this time. P. S., *cc.* 192, 193. "All demands against an estate which might have been presented to the commissioner and were not so presented, and all demands so presented and rejected and not allowed upon appeal, shall be forever barred." P. S., *c.* 193, *s.* 18. *Parsons* v. *Parsons, ante, p.* 296. No exception is made in this section, as there is in the one providing for the bar of claims against solvent estates. If the intent had been to except from its operation cases falling within the terms of the section under consideration (*c.* 191, *s.* 27), there was greater reason for expressly noting the exception than there was for noting it in the section providing for the limitation of claims against solvent estates (*c.* 191, *s.* 4), since this section is not in the same chapter with the section containing the exception as in the other case, but is in a subsequent chapter (193) relating to a different subject (appeals from commissioners). The omission of a reference to an exception is, under the circumstances, weighty evidence of an intent that there should be none.

The section provides that if the claimant proves the requisite facts he shall have judgment for the amount of his claim. No limitation is put upon the use that may be made of the judgment, except that it shall not affect payments or compromises previously made. By virtue of the judgment the creditor is at liberty to take any property of the estate that has not been previously used in making payments or compromises, without reference to the claims of other creditors. This is inconsistent with the scheme

of equality which is a distinguishing feature of the law relating
to the settlement of insolvent estates.   When a creditor of such
an estate recovers judgment upon appeal from the commissioners,
he is not entitled to an execution for the collection of his judg-
ment, but the amount of it is certified to the probate court and
substituted for the amount allowed by the commissioners.   P. S.,
c. 193, s. 13.   The same is true if the claim is adjusted by ref-
erees (s. 15).   This course is taken to secure an equal distribution
of the assets among the creditors.   The absence of a similar provi-
sion in the section on which the plaintiff relies tends to show that
the legislature did not intend the section should apply to claims
against insolvent estates.   A consideration of all the evidence
leads to the conclusion that there was no intention, by the enact-
ment of this section, to depart from the policy requiring the
speedy settlement of insolvent estates, which has been in force for
at least a hundred years.   Laws, ed. 1815, *p.* 219, *ss.* 2, 3 ; Laws,
ed. 1830, *p.* 364, *s.* 7 ; R. S., *c.* 163, *s.* 15 ; G. S., *c.* 181, *s.* 16 ;
G. L., *c.* 200, *s.* 16 ; P. S., *c.* 193, *s.* 18.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.