## MATILDA CONROY *vs.* INHABITANTS OF CLINTON.

Worcester.   October 7, 1892. — March 3, 1893.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Employers' Liability Act — Loss of Life — Action — Negligence — Election between Counts.*

Whether an action for the death of a person occasioned, while employed in a sewer trench in process of construction by a town, by the caving in of the walls of the trench, comes within the St. of 1887, c. 270, § 1, cl. 1, as for a death caused "by reason of any defect in the condition of the ways, works, or machinery connected with or used in the business of the employer," *quære.*

In an action under the St. of 1887, c. 270, for the death of C., occasioned while employed in a sewer trench in process of construction by a town, by the caving in of the walls of the trench, the declaration alleged that the defects " in the condition of the ways, works, or machinery . . . consisted in using decayed, rotten, unsafe, and unsuitable planks and timbers for bracing up the sides of the trench of said sewer ; that the said planks and timbers used as aforesaid were placed so wide a distance apart on the sides of the trench of said sewer as to be totally inadequate and insufficient to sustain and keep in place the sides of the trench aforesaid ; that at the time said C. was killed the bracing had been negligently and carelessly suffered to remain in place a long time, to wit, the space of twenty-four hours, without being tightened or fixed or made secure, and in consequence thereof had become loose, unsafe, and utterly inadequate to sustain and keep in

place the sides of the said trench." The evidence was, that the planks and timbers used for bracing up the sides of the trench were sound, and there was an abundant supply of material furnished; that the shoring and bracing were entirely in C.'s charge; and that he was paid higher wages than the other workmen to superintend the work; and there was conflicting evidence on the point whether he himself put in the shoring and bracing at the place of the accident. The judge ruled that the plaintiff had failed to make out her case, and directed a verdict for the defendant. *Held,* that the plaintiff had no ground of exception.

In an action under the St. of 1887, c. 270, for the death of C., occasioned while employed in a sewer trench in process of construction by a town by the caving in of the walls of the trench, the first count of the declaration, based upon § 1, cl. 1, alleged certain defects in the condition of the planks and timbers used for bracing up the sides of the trench, in the mode of construction, and in not tightening the bracing on the day of the accident; and the second count, based on § 1, cl. 2, alleged that the negligence of the superintendent "consisted in directing and ordering said C. to work at the bottom" of the trench, and described the condition of the trench as in the first count. At the close of the evidence, the judge required the plaintiff to elect upon which count she would proceed; to which she excepted, and elected to proceed upon the first count. There was no evidence that the superintendent in charge of the work ordered C. to go into the trench; but the evidence was that C. went into the trench of his own motion. *Held,* that the plaintiff was not injured by being required to elect on which count she should proceed.

LATHROP, J. The plaintiff is the widow of Anthony Conroy, and brings this action, under the St. of 1887, c. 270, § 2, for his death, he being killed on November 6, 1890, while laying pipe in the bottom of a sewer trench, which was being constructed by the defendant. The immediate cause of the death was the caving in of the walls of the trench. The declaration contains four counts. The first and third are based upon clause 1 of § 1 of the St. of 1887, c. 270, and the second and fourth upon clause 2 of the same statute. The first and third differ only in this respect, that one alleges that Conroy was instantly killed, and the other that he died without conscious suffering. The same is true of the second and fourth counts.

The defects "in the condition of the ways, works, or machinery," the first count alleges, "consisted in using decayed, rotten, unsafe, and unsuitable planks and timbers for bracing up the sides of the trench of said sewer; that the said planks and timber used as aforesaid were placed so wide a distance apart on the sides of the trench of said sewer as to be totally inadequate and insufficient to sustain and keep in place the sides of the trench aforesaid; and that at the time said Conroy was killed the bracing had been negligently and carelessly suffered to remain

in place a long time, to wit, the space of twenty-four hours, without being tightened or fixed, or made secure, and in consequence thereof had become loose, unsafe, and utterly inadequate to sustain and keep in place the sides of the said trench."

The second count alleges that the negligence of the superintendent " consisted in directing and ordering said Anthony Conroy to work at the bottom of a trench of a certain sewer," etc., and describes the condition of the trench as in the first count.

At the close of the evidence, the presiding judge required the plaintiff to elect upon which counts she would proceed, to which the plaintiff excepted. She then elected to proceed upon the first and third counts. The judge thereupon ruled that the plaintiff had failed to make out her case; and directed a verdict for the defendant. The case comes before us on the plaintiff's exceptions to these rulings and directions, and upon a report of the evidence.

It is a question not free from difficulty whether this case comes within clause 1 of § 1 of the St. of 1887, c. 270. The language is, " by reason of any defect in the condition of the ways, works, or machinery connected with or used in the business of the employer." In *Howe* v. *Finch*, 17 Q. B. D. 187, it was held that the statute did not apply to ways or works in process of construction. In that case the plaintiff was injured by the fall of a wall of a building in process of construction, which had never been used in the defendant's business, though it was intended to be so used when finished. It was held that the case was not within the statute. A. L. Smith, J., said, after citing the language of the statute: "Does that mean partly made ways, etc., which may be very insecure when in process of construction? No. It means to give him a right of action when the contemplated ways, works, etc. are ' connected with or used in the business,' and are in a defective state by reason of the master not having discovered what he ought to have done. ' Ways ' means the ways used in the business, not partly made ways not used. If that be so as to ' ways,' it is so as to ' works.' . . . I think ' ways, works,' etc. mean the existing and completed works."

In *Ashley* v. *Hart*, 147 Mass. 573, it was held that the clause under consideration did not give a right of action against the employer for the negligence of a fellow servant in handling or

using a machine, tool, or appliance which was itself in a proper condition.

The case of *Connolly* v. *Waltham*, 156 Mass. 368, was not under § 1, cl. 1. If, however, without deciding this question, we assume that § 1, cl. 1, applies to a temporary work like that in the case at bar, we are of opinion that the ruling below was correct. There was no evidence of the using of " decayed, rotten, unsafe, and unsuitable planks and timbers for bracing up the sides of the trench." On the other hand, the evidence was that the planks and timbers were sound, and that there was an abundant supply of material furnished. The other defects alleged are in the mode of construction, and in not tightening the bracing on the day of the accident. But the evidence is that the shoring and bracing were entirely in Conroy's charge. He was paid higher wages than the other workmen to superintend the work. There is no evidence to the contrary on this point. There is, it is true, conflicting evidence on the point whether he himself put in the shoring and bracing at the place of the accident; but, as he had charge of this work, and had full opportunity before going into the trench to see its condition, the question whether he did it himself is immaterial. If there was any negligence, it was his negligence; and the defendant is not liable therefor.

The remaining question is whether the plaintiff ought to have been required to elect on which counts she should proceed. This we need not consider, as we are of opinion that she was not injured by being required to elect. The only negligence on the part of any one exercising superintendence alleged is, that Martin Kane, who had the general charge of the work, ordered Conroy to go into the trench. There is no evidence that such an order was given. On the contrary, the evidence is that Conroy went into the trench of his own motion. See *Fitzgerald* v. *Boston & Albany Railroad*, 156 Mass. 293. There was no evidence which would have warranted the submission of this issue to the jury; and the plaintiff is not aggrieved by the ruling given. *May* v. *Whittier Machine Co.* 154 Mass. 29. *Brady* v. *Ludlow Manuf. Co.* 154 Mass. 468, 472. *Murray* v. *Knight*, 156 Mass. 518.

*Exceptions overruled.*

*J. Smith & W. A. Gile*, for the plaintiff.

*W. S. B. Hopkins*, (*F. B. Smith* with him,) for the defendant.