## The State v. Vaughan, Appellant.

### Division Two, October 31, 1899.

1. **Evidence:** AUTOPSY BY ASSISTING PHYSICIAN. The fact that a physician assisted the coroner to make a *post mortem* examination of deceased, and that the law requires the coroner to make a record of his inquest, in no way affected the competency of the physician to testify as to what he found on the autopsy.

2. ———: VOLUNTARY STATEMENT TO OFFICER. The officer who arrested defendant can testify as to a voluntary statement made to him by defendant, and there being no threats, promise or inducement disclosed by the record the defendant's statement will be held to have been voluntary.

3. ———: DYING DECLARATIONS. A dying declaration of the deceased is proper if made under a sense of impending dissolution.

*Appeal from Osage Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

WM. A. DAVIDSON for appellant.

EDWARD C. CROW, Attorney-General, for the State.

The court committed no error in the admission of the testimony of Dr. William Frye, relative to the condition the body was in, and the examination made by the physician at the request of the coroner after the death of Wilson. The objection of counsel for defendant, that the law required that there should be a record made of the coroner's inquest does not prevent a physician who examined the body from testifying as to its condition, and as to the probable effect of a wound inflicted, and the court did right in overruling objection of defendant's counsel to this testimony. A surgeon is admissible

to prove the nature of a wound, and its probable cause and effect. Wharton's Crim. Evid. (9 Ed.), sec. 412; Com. v. Piper, 120 Mass. 186; Kelly's Crim. Law, sec. 373; Com. v. Taylor, 132 Mass. 261.

GANTT, P. J.—This cause is here for the second time. The first appeal is reported in State v. Vaughan, 141 Mo. 514. The judgment was reversed on that occasion because of an erroneous instruction for the State. On this appeal no counsel have appeared for defendant, and we are remitted to the transcript to ascertain the facts and the rulings of the circuit court. The evidence is substantially the same as on the first appeal, and is sufficient to sustain the verdict and sentence of murder in the second degree.

I. A point is made on the admission of the evidence of Dr. William Frye. This physician at the request of the coroner made a *post mortem* examination of the deceased to ascertain if there were any other cause than the wound produced by the defendant on his arm. When asked by counsel for the State to state the result of the autopsy, counsel for defendant objected because the law required the coroner to make a record of his inquest and because the physician could not disclose what he did while assisting the coroner, who was not a physician. The trial court promptly overruled these objections, and his action was assigned as ground for a new trial.

The learned circuit court was clearly right. The fact that the coroner was required to make a record in no way affected the competency of Dr. Frye to testify to what he found upon his autopsy. This identical question was raised in Com. v. Taylor, 132 Mass. 261, and the Supreme Court of Massachusetts held it did not affect the competency of the physician even though he proceeded without authority according to the laws of that State. Here there is not even a suggestion that Dr. Frye acted irregularly or without authority, but it is conceded he acted at the instance of the coroner.

State v. Vaughan.

II. It was also urged that the officer who arrested defendant was erroneously permitted by the court to state what the defendant said to him while under arrest. The record discloses that no threat, promise or inducement whatever was made by the officer and it appears that defendant's statements were voluntary. Under such circumstances it is obvious that no error was committed in receiving the statements in evidence. The authorities are too numerous and well known to require in this State a citation thereof.

III. The dying declarations were properly admitted. The preliminary evidence clearly showed they were made under a sense of impending dissolution.

IV. No instructions were asked by defendant, and of course none refused.

In its tenth instruction the court remedied the instruction which brought about the former reversal, and conformed it to the opinion of this court. The court instructed on murder in the first and second degrees, and manslaughter in the third and fourth degrees, also on self-defense and presumption of innocence, reasonable doubt and the credibility of witnesses. The instructions were well drawn and such as have met the approval of this court on many occasions.

We have been unable to detect any reversible error in the record. None has been pointed out, and the judgment of the circuit court must be and is affirmed. BURGESS, J., concurs; SHERWOOD, J., absent.