## BOARD OF COM'RS OF KINGFISHER COUNTY v. GRIMES et al.

No. 9735—Opinion Filed July 29, 1919.

**1. Statutes — Construction — Associated Words.**

The meaning of a word used in a statute must be construed in connection with words with which it is associated.

**2. Master and Servant—Workman's Compensation—"Engineering Works."**

The term "engineering works" as used in sec. 2, art. 1, ch. 246, Sess. Laws 1915, refers to establishments or places of business where engineering work is carried on, and does not include or refer to work of an engineer on a public highway.

**3. Statutes — Construction — Ejusdem Generis.**

By the rule of "ejusdem generis," where general words follow the enumeration of particular classes of business, the general words will be construed as applicable only to business of the same general character or class as those enumerated.

Appeal by the Board of County Commissioners of Kingfisher County from an award of compensation to Bishop Early Grimes, by State Industrial Commission. Reversed and remanded.

W. A. McCartney, County Attorney of Kingfisher County, for petitioners.

S. P. Freeling, Atty. Gen., for the State Industrial Commission.

OWEN, C. J. This appeal is prosecuted to reverse an award made by the State Industrial Commission to Bishop Early Grimes on account of an accident sustained while riding in an automobile to the place of work where Grimes was to· assist the county engineer in surveying a state highway.

The question presented is whether Grimes was engaged in a hazardous employment within the meaning of section.2, art. I, of ·the Workman's Compensation Law (ch. 246, Sess. Laws 1915). It is urged that, since Grimes was employed to assist in doing engineering work, the injury falls within the provisions of section 2, in which it is provided compensation shall be payable for injuries sustained by employes in "engineering works." In the case of Finney v. Board of Co. Com'rs., 1 Okla. Indus. Com. Rep., p. 102, the commission construed the term "engineering works" to mean any work of engineering, and that case was followed as authority by the commission in the instant case.

In defining "engineering works" as any work of construction, the Commission quoted from 15 Cyc. 1049. Reference to the page will disclose the error. The term there used is "engineering work" and not "works."

The meaning of a word used in the statute must be construed in connection with the words with which it is associated. 22 Cyc. 1065; 36 Cyc. 1118. Some of the associated words are: "factories," "gins," "mills," "workshops where machinery is used," "gas works," "waterworks," "reduction works," "power works." all referring to establishments and places of business, rather than character of labor. The word "work," used here, is defined in Webster's Inter. Dictionary as: "A place where industrial labor of any kind is carried on, as, a salt work; the structure, grounds, machinery, etc., of a manufacturing establishment or industrial concern; as, iron works, locomotive works, waterworks."

In the case of So. St. Joe Land Co. v. Pitt, 21 S.W. 449. the Supreme Court of Missouri construed the word "works" as meaning an establishment for manufacturing, or for performing industrial labor of any sort, and including the building, machinery, etc., used in the required operation. The Supreme Court of Massachusetts, in the case of Comroy v. Inhabitants of Clinton, 33 N.E. 525 construed the word "works" to mean an establishment for manufacturing or for performing industrial labors. The Supreme Court of Pennsylvania in Re Pardee's Appeal. 100 Pa. 408, construed the word "works" to have

a definite signification, meaning a business of permanent character as opposed to temporary employment. We are constrained to hold that the term "engineering works" as used in section 2 of the act refers to establishments or places of business where engineering work is carried on, and does not include or refer to work of an engineer on a public highway.

This section of the act also provides, if there be or arise any hazardous occupation other than those enumerated, it shall come under the act. It is urged that work on the state highway is a hazardous occupation and is included under this provision of the section. This language must be construed under the rule of ejusdem generis with that more particularly described by the preceding words of the context. General words do not explain or amplify particular terms preceding them, but are themselves restricted and explained by the particular terms. This general language must be construed to include employments of the same general character but not embracing every species of employment in which the services of others may be rendered. K. C. So. R. Co. v. Reinman, 63 Oklahoma, 162 Pac. 726; 36 Cyc. 1119; State ex rel. v. Gordon (Mo.) 188 S. W. 88; Black v. Commonwealth (Ky.) 188 S. W. 362; Zacarro v. State (Tex.) 197 S. W. 982.

The case of Board of Com'rs v. Barr, 68 Oklahoma, 173 Pac. 206, is relied upon, but is not in point. In that case Barr was engaged in doing blasting work on the state highway. but the question presented was not whether that was hazardous employment, but whether he was an·employe of the county.

The judgment of the commission is reversed and the cause remanded with directions to dismiss the petition.

·SHARP, HARRISON, PITCHFORD, JOHNSON, and McNEILL, JJ., concur. KANE, J., dissents. RAINEY and HIGGINS, JJ., not participating.