## Ex parte H. B. CARSON.

No. A-5951.   Opinion Filed Feb. 6, 1926.
(243 Pac. 260.)

Thos. H. Owen and Wilbur J. Holleman, for petitioner.

Geo. F. Short, Atty. Gen., and Smith C. Matson and Chas. Hill Johns, Asst. Attys. Gen., for respondent.

EDWARDS, J.   This is an original proceeding for habeas corpus, submitted on an agreed statement of facts, from which it appears that the petitioner was convicted before a justice of peace of Oklahoma county, fined $50 and costs, and committed to the sheriff of Oklahoma county, until the same should be paid.   He was charged with a violation of section 7222, Comp. St. 1921, by permitting Molly Whittman, bookkeeper for the American National Bank of Oklahoma City, to work more than nine hours on November

24, 1925. Petitioner is vice president of the American National Bank, and as such in charge of the operations of the employees of said bank, including said Molly Whittman, bookkeeper. It is also agreed that said bank is organized under the banking laws of the United States, that its place of business is at Oklahoma City, and the salary of said Molly Whittman is paid by the bank, and that she had been an employee as a bookkeeper since the 15th day of May, 1925.

The statute in question under varying terms has been enacted in many of the states of the Union, beginning in the manufacturing section. It is entirely beneficent, and its enaction was due to discrimination against female employees whereby they were required to work long hours and undergo great hardships in order to secure and keep employment. These impositions and the resultant evils brought about these women labor laws. They have been generally upheld by the courts, and are no longer challenged as contrary to the federal Constitution. We are thoroughly in sympathy with them and their enforcement.

Of the contentions advanced by petitioner why the conviction under the statute and the restraint thereunder are illegal, we conside rit necessary to examine only two, as follows: First, where a female is employed by the month the violation is tested by the week and not by the day limitation. Second, that the statute has no application to a bank.

The statute here involved was first enacted as chapter 148, Laws 1915, under a title reading as follows:

"An act regulating the hours of employment of females in certain industries, and providing a penalty therefor."

Section 1 of said act provided that females shall not be employed or permitted to work in the certain designated lines of work more than nine hours in any one day. Section

2 of the act provided for overtime work in times of great disaster, calamity, or epidemic. Section 3 provided for the supplying of seats for female employees. Section 4 provided penalties for violation of the act.

The act of 1915 was amended in 1919 by chapter 163, Laws 1919, under a title reading as follows:

"An act to amend sections 1, 2, 3 and 4 of chapter 148, Session Laws of the state of Oklahoma, 1915, entitled 'An act regulating the hours of employment of females in certain industries, and providing a penalty therefor,' repealing all laws in conflict herewith, and declaring an emergency."

Section 1 of the Act of 1915 was amended by changing "telephone establishment" to read "telegraph or telephone establishment or office," and in the sixth line, after enumerating places of amusement, adding, "or any other establishment employing any female," and in the seventh line, after limiting the employment to nine hours in any one day, by adding "nor more than 54 hours in any one week." There were also some changes in sections 2, 3, and 4 of the act, with which we are not particularly concerned here, except in so far as they may aid in arriving at the meaning of the section under consideration. The section as amended is now section 7222, Comp. St. 1921, as follows:

Section 1: "That no females shall be employed or permitted to work in any manufacturing, mechanical or mercantile establishment, laundry, bakery, hotel or restaurant, office building or warehouse, telegraph or telephone establishment or office or printing establishment, or book bindery, or any theatre, show-house or place of amusement or any other establishment employing any female, more than nine (9) hours in any one day, nor more than fifty-four (54) hours in any one week."

It is argued that if the statute in question is applicable to banks, where it appears, as in this case, that a female is employed by the month, that the statute is not violated

unless the employee has labored more than the prohibited hours in any one week. That is, in such case it is not unlawful for any employee to work more than nine hours in any one day so long as she does not work more than 54 hours in one week, citing Ex parte Hunncutt, 7 Okla. Cr. 213, 123 P. 179; Matthews v. Rucker, 67 Okla. 218, 170 P. 492; Finerty v. First Nat. Bank of Duncan, 92 Okla. 102, 218 P. 859, 32 A. L. R. 1326, and other authorities.

The wording of the statute, "that no female shall be employed or permitted to work * * * more than nine (9) hours in any one day, nor more than fifty-four (54) hours in any one week," we think forbids such construction, particularly when considered with section 7223, reading:

"The hours of work may be so arranged to permit the employment of females at any time so that they shall not work more than nine (9) hours within twenty-four (24) hours of any one day. * * *"

It is our view that the Legislature intended that females in the occupations enumerated should not be employed nor permitted to work in excess of 9 hours in any one day, unless within the exceptions of public disaster or calamity mentioned in section 7223, and, further, that they should not labor more than 54 hours in any one week. The statute may be violated in either of two ways: First, by permitting the female employed to labor more than 9 hours in any one day; or, second, by permitting her to labor more than 54 hours in any one week. This construction gives full effect to each prohibition of the statute.

It is also urged that, under the rule of "ejusdem generis," section 7222 has no application to females employed in a bank. The rule of "ejusdem generis" is well established in the decisions of the courts of this country. This phrase may be freely translated as "of the same kind or species." The rule when applied to statutory construction may be stated thus:

"Where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is held to refer to things of the same kind as previously enumerated."

The most recent cases in this state are those of Walton v. Donnelly, 83 Okla. 233, 201 P. 367; Board of Commissioners v. Grimes, 75 Okla. 219, 182 P. 897; K. C. So. R. Co. v. Reinman, 63 Okla. 69, 162 P. 726.

The statute designates employment in certain establishments, as manufacturing, mechanical, mercantile, laundry, bakery, hotel or restaurant, office building or warehouse, telegraph or telephone, printing establishment or book bindery, theater, show house or place of amusement, which specific designations are then followed by the general words, "or any other establishment employing any female." Under this rule the phrase, "any other establishment employing any female," is restricted and explained by the particular employments named to employees in establishments of like character where the work is similar. Since banks are neither expressly named nor are of the character of business specifically named, they are not within the purview of the statute.

We cannot presume that in naming the various lines of business in which the limitation should apply, the Legislature overlooked including banks, particularly when in 1919 it amended the original by including employees in telegraph establishments and again failed to include banks. Apparently the Legislature was attempting to reach those lines of business that require physical labor, as laundries, bakeries, restaurants, or that operate continuously or for long hours, as hotels and telegraph and telephone establishments, and it took cognizance of the well-known fact that the work done by the employees of a bank is largely mental labor, and the working hours are generally shorter than in other lines of business.

The terms of the statute in question cannot be extended to apply to banks. It follows that the conviction of the petitioner is illegal and he should be discharged.

The writ is awarded.

BESSEY, P. J., and DOYLE, J., concur.