## L. E. LAMPLEY v. STATE.

No. A-10489. Feb. 20, 1946.
(166 P. 2d 445.)

See, also, 82 Okla. Cr. 101, 166 P. 2d 448.

S. E. Dunn, of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, J.  Defendant, L. E. Lampley, was charged in the court of common pleas of Tulsa county with the offense of requiring and permitting one Joan Ward, a female person, to work in a cafe managed and operated by defendant "more than fifty-four hours in one week, to wit: eighty-four hours, that is to say, from and inclusive of August 1, 1943, to and inclusive of August 7, 1943, being from 7:00 o'clock a. m. on each date to 7:00 o'clock p. m. on each date." He was tried, convicted, and sentenced to pay a fine of $100, and has appealed.

It is contended that the evidence of the state is insufficient to sustain the verdict of the jury, and the judgment and sentence rendered. The statute under which this charge was filed is 40 O. S. 1941 § 81, and is as follows:

"That no females shall be employed or permitted to work in any manufacturing, mechanical or mercantile establishment, laundry, bakery, hotel or restaurant, office building or warehouse, telegraph or telephone establishment or office or printing establishment, or book bindery, or any theatre, show-house or place of amusement or any other establishment employing any female, more than nine

(9) hours in any one day, nor more than fifty-four (54) hours in any one week."

The state placed upon the witness stand two witnesses, Mrs. Joan Ward and Mrs. Ione Crabbe. Mrs. Ward testified that she was employed by the defendant to work in his restaurant in the city of Tulsa. That she worked the last week in July and the first two weeks of August, 1943. That Mrs. Crabbe, who was working out of the Department of Labor at Oklahoma City, came to the Swing Shift Cafe where she worked on or about the 31st day of July, 1943, and that this was the first time she had ever seen or known her. That she heard a conversation between Mrs. Crabbe and the defendant, and testified relative thereto:

"A. Well, he told her and I that he was working us twelve hours a day, that he wasn't in the right spot, and when he got where he could do better, that he would get more girls in and not work us so many hours as he had been working us."

She testified that some time after this she saw Mrs. Crabbe again at the cafe. That she worked at the cafe for defendant from 7 a. m. to 7 p. m. from August 1st to and including August 7, 1943. On cross-examination she testified that the defendant told her to sit down and rest, but that she waited on the trade from 7 a. m. to 7 p. m., and "we could sit down and rest awhile, but when you see a lot of people coming into the place there you wouldn't feel like you could sit down on the job."

Mrs. Crabbe testified that she had been working out of the State Department of Labor for seven years in charge of the protective laws for women and children. That in such capacity she visited the place of business of the defendant on July 31, 1943. That she had an extended conversation with the defendant and Mrs. Joan Ward was present. She advised the defendant that com-

plaint had been made to the Labor Department that he was working girls overtime, and asked him if he was, "and he said that he was, that he needed to work them twelve hours a day, and that he expected to work them twelve hours a day, and he didn't know who was going to stop him from doing it." She asked him about letting Mrs. Joan Ward go home and rest, "and he said he couldn't do it, he had to have her there." That Mrs. Ward told her in his presence that she worked from 7 o'clock in the morning until 7 o'clock at night. That she told him if he was going to operate his cafe, he would have to operate it under the law, and he would have to adjust hours on the girls. That she returned about August 16th and found that Mrs. Ward and other girls were still working 12 hours a day, and that she then filed the charges as above indicated.

Defendant and his wife and Mrs. Marie Pappan, who worked for defendant, testified in his behalf. Defendant testified that he gave Mrs. Ward and the other girls time off for rest, and that they did not work during a three or four hour period each day. On cross-examination his testimony was somewhat confusing with reference to this point. Mrs. Ward testified on rebuttal that she worked from 7 a. m. to 7 p. m., during the week of August 1 to August 7, 1943.

From the above statement, it clearly appears that there is a conflict in the evidence, as to whether Mrs. Ward was given a rest period during the time she worked as alleged in the information. It is contended that by reason of 40 O. S. 1941 § 82, which gives certain exceptions to the statute above quoted, the present case comes within that exception. That part of the statute to which reference is made is as follows:

"That in case of emergency in hotels and restaurants, females may work a maximum of ten (10) hours during

the twenty-four with their consent; such females to be paid not less than double their regular compensation for such extra time."

There is nothing in the record which shows that the instant case comes within the exception. The argument that the World War created such an emergency as to bring this defendant within the exception cannot be maintained. Defendant in his brief states that the Labor Department "has since been granting special permits to employers to work female employees more than nine hours per day, and more than fifty-four hours per week." The record does not disclose any such proof, and we know of no reason why any department would have the authority to suspend or alter a law of this state by making such an order. The Department might not see fit to prosecute or file charges under existing facts or circumstances, but it could not alter the law as enacted by the Legislature.

Under the facts as they appear in the record in this case, there was no error in the judgment and sentence rendered. Ex parte Carson, 33 Okla. Cr. 198, 243 P. 260.

It may be noted that four separate cases were filed against this defendant, all of which were decided against him, and have been appealed to this court. This case charges a violation of the 54 hours a week statute, and the other three cases charge a violation of the nine hours a day provision of the law. We are of the opinion that justice demands a modification of the judgment and sentence in this case from a $100 fine to the minimum fine of $50 and costs.

For the reasons stated, the judgment of the court of common pleas of Tulsa county, as modified, is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.