Labor — Work Hours Strikes Female employees of telephone companies in Oklahoma are not exempt from the maximum nine-hour work day and fifty-four hour work week provisions in 40 O.S. 81 [40-81] — 40 O.S. 84 [40-84] (1961), due to the current strike, and said Act is valid and enforceable. The Attorney General has had under consideration your letter of April 24, 1968, requesting an opinion. Currently a strike is in progress which has effected the operation of telephone companies in Oklahoma and has considerably reduced the number of available employees. As a result, the telephone companies are reportedly working available employees for periods exceeding nine hours a day. 40 O.S. 81 [40-81] — 40 O.S. 84 [40-84] (1961), prohibits working female employees more than nine hours in any one day. You ask: Is 40 O.S. 81 [40-81] — 40 O.S. 84 [40-84] (1961), a valid and enforceable act and, if so, does the current strike constitute an exception which would allow women to be worked longer than nine hours a day? 40 O.S. 81 [40-81] (1961), provides in relevant part: "That no females shall be employed or permitted to work in any manufacturing, mechanical or mercantile establishment, laundry . . . telephone establishment . . . more than nine (9) hours in any one day, nor more than fifty-four (54) hours in any one week." 40 O.S. 82 [40-82] (1961), provides in relevant part: "The hours of work may be so arranged to permit the employment of females at any time so that they shall not work more than nine (9) hours within twenty-four (24) hours, of any one day; provided however, that in time of great disaster, calamity or epidemic, telephone establishments may work their operators, with their consent, for a greater number of hours in any one day than above stated, said operators to be paid not less than double their regular compensation for such extra time." 40 O.S. 84 [40-84] (1961), provides in relevant part: "Any employer, overseer, superintendent, foreman or other agent of such employment, who shall require or permit any female to work in any of the places mentioned in Sections one, two, and three 40 O.S. 1961 Sections 81-83[40-81-83] [40-81] — [40-83], more than the number of hours provided in this Act . . . shall be guilty of a misdemeanor. "The Supreme Court of the United States has considered a number of statutes which provided a maximum number of working hours for female employees and has held that such statutes are not "unreasonably discriminatory" and that they do not infringe upon the right to contract. Bosley v. McLaughlin,536 U.S. 385, 35 S.Ct. 345, 59 L.Ed. 632. The Supreme Court has also held that such statutes are not a denial of due process as required in the Fourteenth Amendment of the United States Constitution. Riley v. Massachusetts,232 U.S. 671, 34 S.Ct. 469, 58 L.Ed. 788. Likewise, the equal protection clause of the Fourteenth Amendment is not violated by such statutes. Radice v. New York, 264 U.S. 292,44 S.Ct. 325, 68 L.Ed. 690. It has been suggested that the maximum work hour statute for female employees conflicts with the Equal Employment Opportunities Chapter of the Federal Civil Rights Act of 1964, namely42 U.S.C.A. 2000e-2, which provides in relevant part: "(a) It shall be an unlawful employment practice for an employer "(I) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or "(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. 2000e-7, provides: "Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter." It seems apparent that 40 O.S. 81 [40-81] (1961) et seq., is not designed to discriminate against women nor to deprive them of equal employment opportunities. Rather it is a benefit to women and the public based in the right of a community to protect its health and welfare. Ex parte Carson, 33 Okl. Cr. 198,243 P. 260, and Associated Industries of Oklahoma v. Industrial Welfare Commission, 185 Okl. 177, 90 P.2d 899. Such legislation is not for the exclusive benefit of the employees, but is in the nature of a "benefit of the community." Lewis v. Ferrari, (Cal. 1941) 90 P.2d 384. It is clear that the Federal Government has recognized such a distinction between state protective legislation and laws subjecting women to discrimination. See 33 Fed. Reg. 3344
(1968). As regards whether the present strike would constitute an exception to the nine hour provision, we note an Attorney General opinion to W.A. Murphy, Commissioner of Labor, August 24, 1943, which held that during World War II the Commissioner of Labor could not excuse women working in laundries and establishments engaged in the production of food and equipment vital to the war effort from the operation of 40 O.S. 81 [40-81] — 40 O.S. 84 [40-84]. In support, that opinion cited rulings by Attorney General Bearner of Indiana and Attorney General now Chief Justice of the United States Supreme Court Warren to the same effect. Lampley v. State, 82 Okl. Cr. 95, 166 P.2d 445, held that World War II would not justify working women more than nine hours. It is apparent that the present strike is not a "great disaster, calamity or epidemic" which would allow telephone establishments to work their operators more than nine hours under the terms of 40 O.S. 82 [40-82] (1961). A "disaster" is defined as an "unforeseen event of a very distressing or overwhelming nature." Colorado Springs Electric Co. v. Soper, 38 Colo. 126,88 P. 161. A "calamity" means a "state of deep distress." Muskegon v. Danigelis, 253 Mich. 260,235 N.W. 83. An industrial depression is not a "calamity" although an earthquake is a "calamity" . Jones v. Williams, Tex,45 S.W.2d 130. Washington v. Miller, 8 Cal.App. 25,96 P. 22. An "epidemic" is the existence of a widely spread disease. Bethlehem v. Industrial Accident Commission,21 Cal.2d 742, 135 P.2d 153. Accordingly, we find that the present strike, while an inconvenience, is not in the nature of an event contemplated by 40 O.S. 82 [40-82] (1961), as an exception to the nine hour day. Therefore, it is the opinion of the Attorney General that female employees of telephone companies in Oklahoma are not exempt from the maximum nine hour work day and fifty-four hour work week provisions in 40 O.S. 81 [40-81] — 40 O.S. 84 [40-84] (1961), due to the current strike, and that said Act is valid and enforceable. (Penn Lerblance)