POLICE OFFICERS SERVING IN EMERGENCY SITUATION If an "emergency situation" is found to exist by the persons required to make such a determination and if the requests and approvals required by 11 O.S. 20.6 [11-20.6] (1969), are obtained, members of the Regular Police Department of any city or town within this State may serve as police officers in other cities or towns. The Attorney General has had under consideration your letter of July 28, 1970, wherein you state that: "The Metropolitan Area Chiefs of Police of Oklahoma County now have under consideration a proposal to establish what will be known as the 'Metro Squad'. Members of the squad would consist of police officers assigned from their respective departments. The purpose of this unit would be to identify persons who participate in the selling of narcotics and/or dangerous drugs, making purchases from such sellers, and correlating criminal drug information." You then ask if this proposal is permissible under the provisions of 11 O.S. 20.6 [11-20.6] (1969), which provides: "Under emergency situations members of the regular Police Department of any city or town within this state, upon request of the Mayor or Chief of Police of any other city or town, may, with approval of the governing body of said city or town, serve as police officers in such cities or towns requesting their assistance; and while so serving shall have the same powers and duties as though employed by said city or town where such duties are performed, except that salaries, insurance and other benefits shall be provided in their regular manner by the city or town in which they are regularly employed." (Emphasis added) The Iowa court in Oakes v. Peter Pan Bakers, Ia., 138 N.W.2d 93 (1965), stated: "An emergency has been variously defined as (1) an unforeseen combination of circumstances which calls for immediate action; (2) a perplexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action; exigency; pressing necessity. Citations Omitted." In this regard see also Hatfield v. Meers, Mo. App. 402 S.W.2d 35 (1966) and Lampley v. State,82 Okl. Cr. 95, 166 P.2d 445 (1946). In the case of City of Bristow ex rel Hedges v. Groom, 194 Okl. 384, 151 P.2d 936
(1944), the court stated in the body of its opinion: "The cardinal rule of statutory construction is to ascertain the intention of the Legislature, and this should ordinarily be done by a consideration of the language of the statute." In the case of Carter Oil Co. v. Scott, 12 F.2d 780 (10th Cir. 1926), the court stated in the body of its opinion: "It is a rule of construction well settled by authorities that words and phrases employed in a statute will be given their plain ordinary meaning according to the import of language used." After considering the language used in Section 11 O.S. 20.6 [11-20.6], supra, it is apparent that either the Mayor or Chief of Police of the requesting city or town must, in the exercise of his discretion, determine whether an emergency situation exists and then, if such a situation is found to exist, he may request the assistance of police officers from another city or town. The governing body of the city or town from whom a request for assistance has been made may approve the use of its police officers in the requesting city or town subject to the terms and conditions provided in Section 11 O.S. 20.6 [11-20.6]. The Attorney General does not express his opinion concerning whether the facts recited herein constitute an "emergency situation". This opinion does not attempt to cover any agreement which might be interred into between two or more cities or towns under the provisions of the Interlocal Cooperation Act found at 74 O.S. 1001 [74-1001] — 74 O.S. 1008 [74-1008]. Further, this opinion does not attempt to cover situations where the provisions of Section 20.6, supra, are in conflict with charter or ordinance provisions in the towns or cities attempting to utilize the provisions of said statute. Therefore, it is the opinion of the Attorney General that if an "emergency situation" is found to exist by the persons required to make such a determination and if the requests and approvals required by 11 O.S. 20.6 [11-20.6] (1969), are obtained, members of the Regular Police Department of any city or town within this State may serve as police officers in other cities or towns. (William M. Bonnell)