The Attorney General has asked that I respond to former Senator Vicki Miles-LaGrange's request for an opinion addressing the following questions:
 1. Pursuant to 10 O.S. 609 (1994), does the Department of Human Services (DHS) have the authority to designate a private organization or private individual as a Youth Services Agency?
 2. Which section of title 10 of the Oklahoma Statutes, 10 O.S. 604 or 10 O.S. 609, determines the entities with which DHS may enter into financial agreements to provide delinquency prevention programs which are included in community-based youth services?
 3. If DHS has the authority to designate a private organization or private individual as a Youth Service Agency, is the relationship of principal and agent established by the designation?
 4. Does the requirement in 10 O.S. 609 that the Commission give full consideration to any recommendations of the Oklahoma Association of Youth Services to the exclusion of all other youth services associations violate the prohibitions of Article V , Section 51 of Article V of the Oklahoma Constitution?
 5. May funds from a line item appropriation for "Youth Services" be utilized by DHS for purchasing "youth services" from private professionals and for-profit organizations who have the capability to deliver all or part of the compensable services enumerated in 10 O.S. 603 of title 10 of the Oklahoma Statutes but who are not designated as a "Youth Services Agency"?
 6. Does paragraph "C" of 609, which provides for automatic designation as a Youth Services Agency to those receiving state funds specifically appropriated for youth services programs on July 1, 1992, violate 51 of Article V of the Oklahoma Constitution?
 7. Title 10 O.S. 603 (1991) is interpreted as requiring the maintenance of community-based prevention and diversionary youth service programs. Title 10 O.S. 607 (1991) appears to give DHS a choice as to the type of agreement that may be entered into. Which section, if any, of the Act dictates the type of agreements that may be entered into by DHS?
Because your questions may be answered by reference to controlling statutes and case law, the issuance of a formal opinion by the Attorney General is unnecessary. The discussion which follows is, therefore, not an official opinion of the Attorney General; it represents, rather, the analysis and conclusions of the undersigned Assistant Attorney General.
In order to answer your questions, an overview of the Oklahoma statutes addressing youth services would be beneficial. The Department of Human Services (DHS) has been designated as the state planning and coordinating agency for statewide juvenile justice and delinquency prevention services. 10 O.S. 601(A) (1994). As such, DHS is authorized to enter into agreements for the establishment and maintenance of community-based youth services. 10 O.S. 603/10 O.S. 604 and 10 O.S. 609 (1994).
The majority of your questions focus on 10 O.S, 609 of title 10 of the Oklahoma Statutes which provides, in relevant part, as follows:
 "A. Funds appropriated to the Department of Human Services for community-based youth service programs shall be made available through grants or contracts, to organizations designated by the Department of Human Services as "Youth Services Agencies". Such designations shall be granted in accordance with criteria approved by the Commission on Children and Youth after full consideration of any recommendations of the Oklahoma Association of Youth Services.
* * *
 C. Each youth service agency receiving, by grant or contract from the Department of Human Services on the effective date of this act, state funds specifically appropriated for community-based youth service program, is hereby automatically designated a "Youth Services Agency."
 D. The Department of Human Services, after opportunity for an administrative hearing, may terminate the designation of a Youth Services Agency. . . .
 Any applicant organization denied designation as a Youth Services Agency may request an administrative hearing from the Department. The Commission for Human Services shall establish an administrative hearing and appeal process. (Emphasis added.)"
The above provision addresses only funds appropriated to DHS for community-based youth services. The allocation of other public funds earmarked for children and youth services is not governed by the above statute.
I.
Your first question asks whether, pursuant to 10 O.S. 609 (1994), DHS has the authority to designate a private organization or private individual as a Youth Services Agency (YSA).
Section 10 O.S. 609 specifically states that community-based youth service funds shall be made available to organizations designated as Youth Service Agencies. The word organization is not defined as it is used within the Act. Statutory words are to be understood in their ordinary sense, except when contrary intention plainly appears. Riffe Petroleum Co. v. Great Natural Corp.. Inc., 614 P.2d 576 (Okla. 1980). The dictionary defines "organization" to mean "a group of people that has a more or less constant membership, a body of officers, a purpose and usually a set of regulations. n Webster's Third New International Dictionary (1981). Consequently, by using the term "organization", the legislature clearly did not intend to allow individuals to be designated as a Youth Services Agency.
II.
Because of the relevant statutes, the question as to whether a private organization is eligible for designation as a Youth Services Agency should be answered in conjunction with the context of your second question. In your second question you ask which section of title 10 O.S. 604 or 10 O.S. 609, determines the entities with which DHS can enter into financial agreements to provide delinquency prevention programs which are included in community based youth services.
Section 10 O.S. 604 of title 10 of the Oklahoma Statutes states as follows:
 "The Department of Human Services, in its role as planner and coordinator for juvenile justice and delinquency prevention services, is hereby authorized to enter into financial agreements with federal, state, and local agencies or entities of government, or with any private, nonprofit agency, for juvenile delinquency prevention programs, juvenile treatment programs and child abuse and neglect prevention and treatment programs."
The above statute authorizes DHS to enter into financial agreements with governmental agencies or entities, or with any private, nonprofit agency for delinquency prevention programs. The more general language of 609 requires DHS to make appropriated funds for youth service programs available through grants or contracts to organizations designated as Youth Services Agencies. Different legislative enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each. Johnson v. Ward, 541 P.2d 182 (Okla. 1975).
Therefore, sections 10 O.S. 604 and 10 O.S. 609 are to be read together. Section 609 authorizes DHS to dispense funds to organizations for community-based youth service programs, and 604 merely limits the type of organizations to which DHS may dispense such funds.
III.
Your third question asks whether a principal and agent relationship is established if DHS designates a private organization as a Youth Services Agency. The existence of an agency relationship is generally a question to be determined by the trier of fact. Bell v. Tollefsen, 782 P.2d 934
(Okla. 1989). The essential characteristics of an agency relationship are that the agent owes a fiduciary duty to the principal and the agent agrees to by subject to the principal's control. See EnterPrise Management Consultants, Inc. v. State of Oklahoma ex rel. Oklahoma Tax Commission,768 P.2d 359, 362-363 (Okla. 1988) The law does not presume an agency status is present. The burden of proving the existence, nature and extent of the agency relationship rests ordinarily on the party who asserts it. Id., at 362. Therefore, whether a "Youth Services Agency" becomes an agent of DHS is a question of fact which is beyond the scope of this opinion. 74 O.S. 18b(A)(17) (1994).
IV.
Your fourth question asks whether the statutory provision in 10 O.S. 609 which requires DHS, when designating "Youth Services Agencies", to give full consideration to recommendations made by the Oklahoma Association of Youth Services to the exclusion of all other youth services associations, violates the prohibitions of Article V , Section 51 of the Oklahoma Constitution.
Article V , Section 51 of the Oklahoma Constitution provides as follows:
 "The Legislature shall pass no law granting to any association, corporation, or individual any exclusive rights, privileges, or immunities within this State."
The Supreme Court of Oklahoma has historically held that legislative enactments are presumed valid and will be upheld unless clearly inconsistent with the Constitution. See, Kimery v. Public Service ComPanY, 622 P.2d 1066 (Okla. 1980), citing Matter of Daniel Deborah and Leslie H., 591 P.2d 1175
(Okla. 1979) and In re Napier, 532 P.2d 423 (Okla. 1975). Statutes should be construed whenever possible so as to uphold their constitutionality. See, City of Norman v. Liddell, 596 P.2d 879 (Okla. 1979). Therefore, the statute which forms the basis of your request must be clearly violative of Article V , Section 51 to be held unconstitutional. First, it must be determined whether 10 O.S. 609 grants to the Oklahoma Association of Youth Services (OAYS) the exclusive right to submit recommendations to, and to have such recommendations considered by DHS. Section 609 does provide that the DHS designations as "Youth Services Agencies" "shall be granted in accordance with criteria approved by the Commission on Children and Youth after full consideration of any recommendations of the Oklahoma Association of Youth Services." 10 O.S. 609(A) (1994) (emphasis added). This language merely grants the OAYS the right to make recommendations to DHS. The statute does not indicate that DHS is bound by the OAYS recommendations, nor that DHS is precluded from considering recommendations made by other entities or individuals. The statute simply requires DHS to give full consideration to any recommendations made by the OAYS.
Thus, the requirement in 10 O.S. 609(A) (1994) that DHS, when designating organizations as "Youth Services Agencies", give full consideration to recommendations made by the OAYS does not grant the OAYS an exclusive right or privilege. Therefore, 10 O.S. 609(A) does not violate Article V , Section 51 of the Oklahoma Constitution.
V.
Your fifth question asks whether funds from a line item appropriation for "youth services" may be utilized by DHS for purchasing youth services from private professionals and for-profit organizations who have the capability to deliver all or part of the compensable services enumerated in 10 O.S. 603 (1991), but who are not designated as "Youth Services Agencies".
Appropriations for DHS include an amount designated specifically for expenditure by "Oklahoma Youth Services Agencies". See, 1993 Okla. Sess. Laws, c. 328, 7. Section 10 O.S. 609(A) directs DHS to make these funds available through grants or contracts "to organizations designated by the Department of Human Services as 'Youth Services Agencies'. ,,2 As discussed in Part I above, the funds appropriated to DHS for "Youth Services Agencies" shall be made available to organizations which meet the criteria for youth services agencies. Individuals are not eligible for these monies. Therefore, private professionals and for-profit organizations may access the funds available under 609 if they meet the criteria for youth services agencies.
Funds from this appropriation item could be applied to another purpose only if transferred in accordance with 62 O.S. 41.12 (1994). Section 41.12 allows the transfer of funds from one appropriation item within a department, institution, board, commission or agency to any other item within the same department, institution, board, commission or agency under certain conditions and restrictions.
It should be noted that there are state and federal funds other than Youth Service Agency appropriations which may be accessed by private professionals and for-profit organizations in order to provide youth services. The monies allocated to Youth Services Agencies by the Legislature are only a portion of the total expenditure authorized for children's programs. 1993 Okla. Sess. Laws, c. 328 7 and 9. DHS has been given a broad mandate to provide a diversity of services aimed at meeting the individualized needs of children. 10 O.S. 1991, 607(B) and 1135; see, e.q., City of Sands Springs v. Department of Public Welfare, 608 P.2d 1139
(Okla. 1980). DHS has been directed to design the children and youth programs and services "to ensure the accessibility of the program to the persons served" and "to meet the needs of the area" in which the services are needed and located. 10 O.S. 603.3(1) and 10 O.S. 603.3(2).
Clearly, the intent of the Legislature is to get the services to the children in need. Federal and state funds for children and youth services, other than those appropriated to Youth Services Agencies, are available to qualified providers, including Youth Services Agencies, to meet the service needs of children eligible under state and federal law to participate in programs administered by DHS. The governing statutes for these other children and youth services funds express a preference for certain providers. However, the unavailability of preferred providers, the inability of those providers to provide needed services, the comparative cost and quality of services available, and other reasonable considerations may justify the use of non-preferred providers, such as private professionals and for-profit organizations, when client service needs are established and the appropriated funds are available.
Thus, the funds appropriated specifically for Youth Services Agencies under 10 O.S. 609 (1994), must be made available to organizations designated as Youth Service Agencies. A portion of Youth Services Agencies appropriated funds may be transferred to another appropriation item within the same department, board or agency in accordance with 62 O.S. 41.12 (1994). However, there are state and federal funds other than those appropriated for Youth Services Agencies which may, subject to the right conditions, be accessed by private professionals and for-profit organizations for the provision of necessary youth services.
VI.
The analysis outlined in Part IV above is also applicable to your sixth question which inquires whether 10 O.S. 609(C) (1994), which automatically designates each youth services agency receiving state funds specifically appropriated for community-based youth service programs on the effective date of the act as a "Youth Services Agency", violates art. V, 51
of the Oklahoma Constitution. As stated above, legislative enactments are presumed valid and will be upheld unless clearly inconsistent with the Constitution. See Kimery v. Public Service Company, 622 P.2d 1066 (Okla. 1980). Thus, the statute must be clearly violative of art. V, 51 to be held unconstitutional.
It must first be determined whether 609(C) grants an exclusive right, privilege or immunity to the organizations designated as Youth Services Agencies. Section 10 O.S. 609(C) is effectively a "grandfather clause" that allows organizations that were receiving DHS funds for community-based youth services prior to the effective date of the act to continue to receive such funds after the act became effective by automatically deeming such entities Youth Services Agencies. An exclusive right is not granted to these agencies, because 609 clearly allows other agencies to qualify and receive funds as Youth Services Agencies.
Therefore, 10 O.S. 609(C) does not violate Article V , Section 51 of the Oklahoma Constitution.
VII.
Your final question inquires which section of title 10, 603 or 607, dictates the type of agreements that may be entered into by DHS to provide community-based services. The difference between the two sections arises because 10 O.S. 607 appears to be permissive while 10 O.S. 603 contains mandatory language.
The relevant language of 10 O.S. 603 states, "The Department of Human Services, in its role as planner and coordinator for juvenile justice and delinquency prevention services, is hereby authorized to and shall enter into agreements for the establishment and maintenance of community-based prevention and diversionary youth services programs". 10 O.S. 603 (emphasis added). Section 10 O.S. 607 provides "The Department of Human Services is authorized to enter into agreements to establish or maintain community-based youth service programs and shelters out of local, state and federal monies." 10 O.S. 607(A) (1991) (emphasis added).
In the construction of statutes, "shall" is usually given its common meaning of "must". Sneed v. Sneed, 585 P.2d 1363
(Okla. 1978). It is interpreted as employing a command or mandate. Id. Another rule of statutory construction is that specific words limit general words. Board of Commissioners of Kingfisher County v. Grimes, 182 P. 897 (Okla. 1919). Therefore, the specific mandate in 603 that DHS enter into agreements for the establishment and maintenance of youth service programs serves to limit the general authorization in 607 to enter into agreements to establish or maintain youth service programs.
To conclude, it is the opinion of the undersigned Assistant Attorney General that:
 1. The Department of Human Services has the authority to designate private, nonprofit organizations which meet the necessary requirement as youth services agencies pursuant to 10 O.S. 609 (1994). However, the language of 10 O.S. 609 specifically authorizes "organizations" to be designated as youth services agencies. The dictionary defines "organization" to mean "a group of people that has a more or less constant membership, a body of officers, a purpose and usually a set of regulations." Thus, individuals are not eligible for such designation.
 2. Both sections 10 O.S. 604 and 10 O.S. 609 in title 10 of the Oklahoma Statutes determine the entities with which DHS may enter into financial agreements to provide the delinquency prevention programs included in community-based youth services. Section 609 authorizes DHS to dispense appropriated funds to organizations for community-based youth service programs. Section 10 O.S. 604 merely limits the type of organizations to which DHS may dispense such funds to federal, state and local agencies and private, non-profit agencies.
 3. The existence of a principal-agent relationship is a question to be decided by the trier of fact. Bartlett Collins Company v. Surinam Navigation Company, 381 F.2d 546, 550 (10th Cir. 1967). The determination of a question of fact is not within the authority of the Attorney General. 74 O.S. 18b(A)(17).
 4. The requirement in 10 O.S. 609(A) (1994) that DHS give full consideration to any recommendations of the Oklahoma Association of Youth Services does not grant an exclusive right because DHS is neither bound by the Association's recommendations, nor is DHS precluded from considering recommendations from other organizations. Therefore, 10 O.S. 609(A) (1994) does not violate article V , section 51 of the Oklahoma Constitution.
 5. Appropriations for DHS include an amount designated specifically for expenditure by "Oklahoma Youth Services Agencies". See, 1993 Okla. Sess. Laws, ch. 328, 7. Therefore, the funds set aside specifically for Youth Services Agencies shall be made available only to federal, state and local entities of government, or to any private, nonprofit agencies which meet the criteria for and are designated as Youth Services Agencies pursuant to 10 O.S. 609 (1994).
 6. The provision in 10 O.S. 609(C) which provides for automatic designation as a youth services agency to those already receiving funds specifically appropriated for youth services programs on July 1, 1992, does not grant an exclusive right because any organization meeting the necessary criteria may become a designated youth services agency. Therefore, 10 O.S. 609(C) (1994) does not violate Article V , Section 51 of the Oklahoma Constitution.
 7. Sections 10 O.S. 603 and 10 O.S. 607 of title 10 of the Oklahoma Statutes should be read in harmony. However, if there appears to be a conflict, general words in a statute are limited by specific terms. Board of Commissioners of Kingfisher County v. Grimes, 182 P. 897, 75 Okl. 219 (Okla. 1919). Therefore, the specific requirement in 603 that DHS "shall enter into agreements for the establishment and maintenance of community-based prevention and diversionary youth services programs" serves to limit the general statement in 607 that DHS is "authorized to enter into agreements to establish or maintain community-based youth service programs and shelters". 10 O.S. 603 and 10 O.S. 607 (emphasis added).
(Julie A. Kramer)
For example, a requested transfer will not be made if the amount to be transferred and the total of all previous transfers exceed ten percent (10%) of the total appropriation, or if the amount to be transferred and all other transfers from the particular item of appropriation exceeds ten percent (10%) of the item of the appropriation from which the transfer is to be made. See 62 O.S. 41.12(C) (1994).