Female Employees — Work Day — Amount Title 40 O.S. 81 [40-81] (1961), which regulates the hours of labor of female employees, is in conflict with the Civil Rights Act of 1964, (42 U.S.C.A. 2000e-2). Because of the Supremacy Clause of the United States Constitution, the Federal regulation banning sex discrimination must take precedence over the State law. Because of the foregoing, any portion of Attorney General Opinion No. 68-172 that is in conflict with this Opinion, is overruled. The Attorney General has had under consideration your recent request for an opinion. In your letter of October 2, 1969, you ask, in effect, the following question: Is the Oklahoma law concerning the number of hours a female employee may work in conflict with Title VII of the Civil Rights Act of 1964? Title 40 O.S. 81 [40-81] 1961), states: "That no females shall be employed or permitted to work in any manufacturing, mechanical or mercantile establishment, laundry, bakery hotel or restaurant, office building or warehouse, telegraph or telephone establishment or office or printing establishment, or book bindery, or any theater, show-house or place of amusement or any other establishment employing any female, more than nine (9) hours in any one day; nor more than fifty-four (54) hours in any one week." Attorney General Opinion No. 68-172 stated, in part, that "40 O.S. 1961 Section 81 [40-81], is not designed to discriminate against women nor to deprive them of equal employment opportunity. Rather, it is a benefit to women and the public based in the right of a community to protect its health and welfare. . . . Such legislation is not for the exclusive benefit of the employees, but is in the nature of a 'benefit of the community."' The cases cited in this Opinion were handed down prior to the 1964 Civil Rights Legislation. Since this Opinion, several Federal Courts have ruled on similar legislation concerning this subject. 42 U.S.C.A. Section 2000-2, comes under Title VII of the Civil Rights Act of 1964, and provides in part: "a. It shall be an unlawful employment practice for an employer — 1. to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex, . . .; or 2. to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . sex, . . . ." b. . . . . c. d. e. Notwithstanding any other provision of this sub-chapter, (1), it shall not be an unlawful employment practice for an employer to hire and employ employees, . . . on the basis of his . . . sex, . . . in those certain instances where . . . sex, . . . is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise, . . . ." Apparently, the provisions of42 U.S.C.A. 2000e-2 are administered by the Equal Employment Opportunity Commission, which has promulgated the EEOC Guidelines on Discrimination Because of Sex. On August 19, 1969, the Commission amended its sex discrimination guidelines to indicate that state laws and regulations limiting working conditions of females tend to discriminate against women: "Many States have enacted laws or promulgated administrative regulations with respect to the employment of females. Among these laws are those which prohibit or limit the employment of females, e.g., the employment of females in certain occupations, in jobs requiring the lifting or carrying of weights exceeding certain prescribed limits, during certain hours of the night, or for more than a specified number of hours per day or per week. "The Commission believes that such State laws and regulations, although originally promulgated for the purpose of protecting females, have ceased to be relevant to our technology or to the expanding role of the female worker in our economy. The Commission has found that such laws and regulations do not take into account the capacities, preferences, and abilities of individual females and tend to discriminate rather than protect. Accordingly, the Commission has concluded that such laws and regulations conflict with Title VII of the Civil Rights Act of 1964 and will not be considered a defense to an otherwise established unlawful employment practice or as a basis for the application of the bona fide occupational qualification exception." (Emphasis added) A recent California case, Rosenfeld v. So. Pac. Co.,293 F. Supp. 1219 (C.D.Cal. 1968), held that: "The California hours and weights legislation does not create or constitute a bona fide occupational qualification within the meaning of Section 703(e), Title VII of the Civil Rights Act of 1964 (42 U S.C.A. 2000e-2). "The California hours and weights legislation discriminated against women on account of sex. "The California hours and weights legislation violates the provision of the Civil Rights Act of 1964. Accordingly, such legislation is contrary to the Supremacy Clause (Art. VI, Clause 2) of the United States Constitution and, therefore, is void, and of no force or effect. " (Emphasis added) The case of Richards v. Griffith Rubber Mills, 300 F. Supp. 338 (Ore.) (1969), held: ". . . Except in rare and justifiable circumstances . . . the law no longer permits either employees or the states to deal with women as a class in relation to employment to its disadvantage. Individuals must be judged as individuals and not on the basis of characteristics generally attributed to racial, religious or sexual groups. The particular classifications in Order 8 may be reasonable under the Equal Protection Clause, but is no longer permitted under the Supremacy Clause and the Equal Opportunity Act. . . ." In another recent case, the United States Court of Appeals ruled that the exclusion of female employees from jobs that required the lifting of weight in excess of 35 pounds constituted sex discrimination. The Court cited the sex discrimination guidelines of the Equal Employment Opportunity Commission and the 1964 Civil Rights Act as a basis for its conclusion that the employer was required to consider employees for jobs on an individual basis, rather than to set limits for the lifting of weights. Bowe v. Coalgate-Palmolive Co. F.2d 7th Cir., (1969). While it appears clear that 40 O.S. 1961 Section 81[40-81] [40-81], which limits the hours of labor of female employees, was originally enacted to protect women, it now seems clear that the provision is operating to discriminate against women on the basis of their sex, and therefore, conflicts with the Civil Rights Act of 1964. Section 81, originally passed in 1915, was enacted to protect women from exploitation and to safeguard their health and safety. As it operates today, the law clearly discriminates against women in that it denies them the right to work overtime, thereby receiving higher pay; it reduces their chances of higher positions, such as a management position; and it is unfair in that the section has been held to apply to women in certain jobs but does not apply to women who are employees of certain other jobs. See Ex Parte Parson,33 Okl. Cr., 198, 243 P. 260 (1926), which held that Section 81 was inapplicable to women employees in banks. Other State Attorneys General have followed this view. The Attorney General of North Dakota in an opinion dated April 18, 1969, has indicated that a state law, similar to Oklahoma's, which limited hours of work for female employees may now be precluded as discriminatory and in conflict with Federal law. Similarly, the Attorney General of South Dakota has issued an opinion dated February 27, 1969, expressing the view that the State law limiting the working hours of women is superseded by a Federal law barring job bias on the basis of sex. See CCH Employment Practices Reporter, par. 8112. Under the Supremacy Clause of the Constitution, a Federal statute will prevail over a conflicting state regulation. Gibbons v. Ogden, 9 Wheat 1,22 U.S. 1, 6 L.Ed. 23(1824). Therefore, it is the opinion of the Attorney General that 40 O.S. 81 [40-81] (1961), which regulates the hours of labor of a female employees, is in conflict with the Civil Rights Act of 1964, (42 U.S.C.A. 2000e-2). Because of the Supremacy Clause of the United States Constitution, the Federal regulation barring sex discrimination must take precedence over the State law. Because of the foregoing, any portion of Attorney General Opinion No. 68-172 that is in conflict with this Opinion, is overruled. (Tim Leonard)